EJECTMENT for a tract of land called Gunworth Besurveyed, lying in. Baltimore County, containing 20S acres.
. At the trial of this cause, the Jury found by their spe? cial verdict, that a patent issued from the Lord Proprietary to the lessor of the plaintiff, and that the following recitals in the patent were true, viz. “ That whereas Sabret Sollars, a of Baltimore County, by his humble petition to our agent “ for management of land affairs within this Province, did “ set forth, that he, with a certain Sarah Bowen, by their u petition did heretofore set forth, that there was escheat 6C to us a tract of land called Gunworth, originally grantee! “ a certain Walter Dickson for eighty acres, which, either “ for want of the heirs of the taker up, or by some other a ways or means become escheat to us, and they being the “ first discoverers, prayed to be admitted to. the purchase, “ and a special warrant to resuryey the same, which was £t granted them; and accordingly a warrant to them for that purpose did issue. In pursuance whereof a resur? u vey was made, and a certificate thereof returned into our “ land-office, since which the said Sarah Bowen is deads u and the petitioner having discovered some errors in the £‘ said resurvey, and desirous to escheat the whole, prayed il that a new warrant might be granted in his name to re- “ survey the same, with liberty to exclude any elder sur? “ veys, and to add any contiguous vacancy j and that, on “ return of a certificate of such resurvey, he complying £C with all requisites, our grant of confirmation might issue £C unto him thereon, be the same escheat by any ways or f. means whatsoever; which was granted him j and aq *199 ei cordingly a warrant, on the 15th of January, 1745, unto 44 him for that purpose, did issue: In pursuance whereof 44 it is certified unto our land-office, that the aforesaid 41 tract or parcel of escheat land as resurveyed, by which 44 it appeal's the same now contains the quantity of 126 44 acres, and that there is the quantity of 82 acres of va» 44 caney added, for which said escheat and vacancy the M said Sabret Sollars has paid and satisfied, &c» We do 44 therefore hereby give, grant, and confirm unto the said 44 Sabret Sollars, the aforesaid tract or parcel of escheat 44 land now resurveyed, with the vacancy added, reduced 44 into one entire tract, and called Gunworth Resurvey ech. 44 lying in the County aforesaid, butted and bounded as 44 follows, to wit: Beginning, &c. containing 208 acres, 44 more or less, according to the certificate of resurvey 44 thereof taken and returned into our land-office, bearing 44 date the 6th of June, 1746, and there remaining,” See. The patent dated the 15th March, 1747»
\ The Jury also found a survey for a certain Benjamin Bowen, father of the defendant, of a tract of land called Nathan's Lot, being the land for which the defendant took his defence, according to a certificate thereof, certifying, that, by virtue of a special warrant granted to Benjamin Bowen, of Baltimore County, out of his Lordship’s land-office, dated the 30th of January, 1722 — 3, for 60 acres of land, or thereabouts, John Dorsey, deputy-surveyor, under Thomas Addison, Esquire, surveyor-general for the Western Shore, laid out for Benjamin Bowen a parcel of land called Nathan's Lot, lying in the said County on the north side of Patapsco River, beginning, &c. containing 52 acres of land, to be holden of the Manor of Baltimore,, surveyed April 3, 1723. It was also found, that the tWo tracts of land were truly located by the plaintiff and defendant ; and on inspection of the plats it appeared, that the tract called Gunworth Resurveyed.\ for which the plain *200 tiff his ejectment ran foul of and included nearly the whole of the tract called Nathan’s Lot.
The Provincial Court gave judgment upon the special verdict for the plaintiff.

Note. See the case of Seward v. Hicks, April Term, 1705.